FILED

2025 Aug-21  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ARTIS W. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-00037-NAD |
| | ) | |
| WAL-MART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

For the reasons stated below, the court **GRANTS** Defendant Walmart Inc.'s

motion for summary judgment (Doc. 33).[1]  The court separately will enter final

judgment.

---

[1] The parties have fully briefed this motion, including a complete round of
supplemental briefing, and the court has determined that this motion is appropriate
for disposition on the briefs without oral argument.  *See* Fed. R. Civ. P. 78(b); Doc.
34 (Walmart's evidentiary material); Doc. 35 (Walmart's brief); Doc. 37 (Walmart's
notice of conventional filing); Doc. 38 (Plaintiff Artis Murphy's response in
opposition); Doc. 39 (Murphy's evidentiary material); Doc. 40 (Murphy's affidavit);
Doc. 41 (Walmart's reply); *see also* Doc. 36 (briefing schedule); Doc. 42 (order for
supplemental briefing); Doc. 43 (Walmart's supplemental evidentiary submission);
Doc. 44 (Walmart's supplemental brief); Docs. 45, 46 (Murphy's supplemental
briefs); Doc. 49 (Walmart's second supplemental evidentiary submission); Doc. 50
(Walmart's supplemental reply brief).

## BACKGROUND

### A.    Procedural background

In December 2023, Plaintiff Artis Murphy filed this case in the Circuit Court for Jefferson County, Alabama.  Doc. 1-1.

On January 11, 2024, Walmart removed the case to this court based on diversity jurisdiction.  Doc. 1.  The parties consented to magistrate judge jurisdiction.  Doc. 7; *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

On April 9, 2024, Murphy filed an amended complaint alleging "wrongful conversion on Nov[ember] 18, 2023 of the 43" Hisense TV that [he] lawfully purchased from [the] Gardendale AL Wal-Mart on or about November 2, 2023."  Doc. 11 at 5.  Murphy also alleges that Walmart "wrongfully threaten[ed] [him] with arrest and imprisonment."  Doc. 11 at 5.  Murphy alleges "mental anguish & suffering and emotional distress from Walmart's wrongdoing," and "punitive damages for the intentional wrongful conduct of the Wal-Mart employees . . . in the amount of $1,000,000."  Doc. 11 at 5.

On February 10, 2025, Walmart filed this summary judgment motion (Doc. 33), and the parties fully briefed the motion.  *See supra* note 1.

On June 12, 2025, the court ordered supplemental briefing (Doc. 42), and the parties submitted a complete round of supplemental briefing.  *See supra* note 1.

### B.    Factual background

The record evidence shows the following:  In November 2023, Murphy

2

purchased four televisions from Walmart. The first television was a 58-inch Hisense Series 58R6E3 Roku TV, which was ordered online for delivery to Rononda Jones. Doc. 39-5 at 1. This television was delivered on November 1, 2023. Doc. 39-5 at 1. The second television was a 43-inch TCL Roku TV, which was ordered online for delivery to Rononda Jones. Doc. 39-6. This order was canceled at Murphy's request. Doc. 39-6. The third television was a 43-inch Hisense Series 43R6E3 Roku TV, with a serial number of 1000029743051, which Murphy purchased in-store at the Gardendale, Alabama, Walmart on November 2, 2023. Doc. 39-7 at 4–5. The fourth television was a 43-inch H4030F Series Hisense Roku TV, which was ordered online for delivery to Rononda Jones. Doc. 39-8 at 1. This order was canceled (Doc. 39-8 at 1–2), and Murphy was refunded the $211.25 he paid for the television. Doc. 39-8 at 3.

On November 18, 2023, Rononda Jones attempted to return a 43-inch Hisense television to a Walmart store in Hoover, Alabama.[2] Doc. 34-4 at 21, 25. Walmart

---

[2] Murphy disputes that Jones attempted to return the television voluntarily; instead, Murphy asserts that Walmart called Jones and ordered her to return the television. Doc. 34-5 at 42, 51. During her deposition, Jones testified that nobody from Walmart called her and instructed her to return the television. Doc. 34-4 at 21. Jones testified that she returned the television because she "didn't need the TV, it was a gift and . . . that's why [she] was returning." Doc. 34-4 at 22. Any factual dispute in this regard is immaterial for purposes of this summary judgment motion. *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

employees told Jones that the television was not eligible for return because Murphy already had received a refund for the television; Walmart employees took possession of the television.  Doc. 34-2 at 1; Doc. 34-3 at 1, 6, 7; Doc. 34-4 at 22.  When she could not return the television, Jones called Murphy, who drove to the Hoover Walmart and confronted the employees at the customer service desk.  Doc. 34-4 at 25–27.  During the confrontation, Walmart employees called the Hoover Police Department to the store for assistance.  Doc. 34-5 at 59.

## LEGAL STANDARD

Summary judgment is appropriate when the movant establishes that "there is no genuine dispute as to any material fact," and that the movant "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A material fact is one that might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[3]  And a dispute about a material fact is "genuine," if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

---

[3] *Accord, e.g.*, *Celotex*, 477 U.S. at 322–23 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

To avoid summary judgment, the nonmovant must go beyond mere allegations to offer specific facts creating a genuine dispute for trial. *Celotex*, 477 U.S. at 324–25. The court's responsibility is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The court must construe all evidence and draw all reasonable inferences in favor of the nonmovant. *Centurion Air Cargo, Inc. v. UPS Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005).

Where there is no genuine dispute of material fact for trial, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c).

## DISCUSSION

Construing all of the record evidence and reasonable inferences in Murphy's favor, there is no genuine dispute of material fact for trial.

As an initial matter, Walmart purports to move for summary judgment on claims for outrage and mental anguish, negligence, wantonness (*see* Doc. 35), and conversion (*see* Doc. 44). A "document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). But, even liberally construed, the amended complaint does not plausibly plead claims for negligence or wantonness. *See* Doc. 11; Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Ashcroft v. Iqbal*, 556 U.S. 662

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In any event, the record evidence would not be sufficient to avoid summary judgment on any such claims anyway.

On the other hand, liberally construed, the amended complaint does adequately plead claims for conversion and outrage. Doc. 11. But, based on the record evidence and controlling law, Walmart is entitled to judgment as a matter of law under Rule 56.

1.    On the conversion claim, there is no genuine dispute of material fact. "To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property." *Rice v. Birmingham Coal & Coke Co.*, 608 So. 2d 713, 714 (Ala. 1992).

The amended complaint alleges that Walmart wrongfully converted a 43-inch Hisense television that Murphy had purchased in-store at the Gardendale Walmart, when Jones brought that television to the Hoover Walmart on November 18, 2023. *See* Doc. 11 at 5. Murphy's own evidentiary material shows that he purchased two 43-inch Hisense televisions during the relevant time period: (1) a television with a model number of 43R6E3 and a serial number of 100029743051 that Murphy purchased in-store at the Gardendale Walmart, Doc. 39-7 at 4–5; and (2) a television with a model number of H4030F that Murphy purchased online, Doc. 39-8 at 1.

With its supplemental briefing, Walmart produced undisputed photographic evidence of the 43-inch Hisense television that Jones returned to the Hoover Walmart on November 18, 2023.    Doc. 44-1; *see* Doc. 43.    The undisputed photographs show that Jones returned a 43-inch Hisense television with a model number of 43R6E4 and a DISa serial number[4] of 100024465427.  Doc. 44-1 at 2.

Given that undisputed evidence (*see* Doc. 44-1), the model number of the 43-inch Hisense television that Jones returned to the Hoover Walmart on November 18, 2023, matches neither of the model numbers for the 43-inch Hisense televisions that Murphy purchased (*see* Doc. 39-7 at 4–5; Doc. 39-8 at 1).

In addition, the 43-inch Hisense television that Murphy purchased at the Gardendale Walmart had a serial number of 100029743951.  Doc. 39-7 at 3–4.  But the 43-inch Hisense television that Jones returned to the Hoover Walmart on November 18, 2023, had a DISa serial number of 100024465427.  Doc. 44-1 at 2.

Thus, Walmart has introduced undisputed evidence that the television Jones returned to the Hoover Walmart on November 18, 2023, was not the same television that Murphy purchased in-store at the Gardendale Walmart on November 2, 2023.

Furthermore, because the television that Jones returned to the Hoover

---

[4] DISa barcodes "use Single Scan technology to uniquely identify each item, track next level sales data and prevent return fraud" by providing each item with a "Smart Barcode" and "unique item identifier."    *See* https://digital-safety.com/smart-barcode/; Fed. R. Evid. 201.

Walmart does not match the specifications of any television that Murphy purchased from Walmart in November 2023, there is no evidence that Murphy had any ownership interest in the returned television, or that Murphy ever had possession of the returned television. *See Ott v. Smith*, 413 So. 2d 1129, 1134 (Ala. 1982) (holding that "outright ownership is not essential to support an action for conversion," and that a right of action for conversion may be given to "a person with mere possession"); Ala. Code § 6-5-261 ("Mere possession of a chattel, if without title or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession.").

Without any evidence of ownership or possession, there can be no genuine dispute of material fact for trial on the conversion claim.

Indeed, this conclusion is confirmed by Murphy's admission that he received a refund for the television that Jones returned to the Hoover Walmart and has no claim for money damages. Doc. 34-5 at 81.

**2.** On a claim for outrage and mental anguish (or intentional infliction of emotional distress), a plaintiff must demonstrate that the defendant's conduct "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Wilson v. University of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 677 (Ala. 2017); *see American Road Serv. Co. v. Inmon*, 394 So. 2d 361, 364–65 (Ala.

1980) (holding that the tort of outrage "does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" (quoting Restatement (Second) of Torts § 46 cmt. d (1948))).

In his deposition, Murphy testified that no Walmart employee touched him or physically threatened him.  Doc. 34-5 at 64–65.  Instead, Murphy testified that he "felt physically threatened by the police officers" who were called to the Hoover Walmart on November 18, 2023.  Doc. 34-5 at 65.  Murphy also testified that a police officer briefly touched him "on [his] back to let [him] know that they were there, to bring notice," but that Murphy was not hurt.  Doc. 34-5 at 76.  The amended complaint does not name any police officer or the Hoover Police Department as a defendant in this action.  *See* Doc. 11.

With respect to Walmart employees, Murphy testified that they verbally and emotionally harassed him.  Doc. 34-5 at 61.  Murphy testified that Walmart employees "were very rude" and were "talking to [him] disrespectful[ly]," making statements such as "This is not your TV."  Doc. 34-5 at 60–61.  Murphy testified that Walmart employees "were very hateful and mean spirited and telling [him] that [he] stole the TV, that the TV in question [was] not [his]."  Doc. 34-5 at 84.  Murphy did not receive any medical treatment or professional counseling after the alleged incident.  Doc. 34-5 at 47.

In light of the record evidence (including Murphy's own deposition

testimony), there is "no evidence of conduct that rises to the level necessary to establish a cause of action for the tort of outrage." *Ex parte Crawford & Co.*, 693 So. 2d 458, 461–62 (Ala. 1997); *see American Road*, 394 So. 2d at 367 ("There is no evidence upon which reasonable people could base the belief that the company intended to cause [the plaintiff] severe emotional distress."). Thus, there are no specific facts that could create a genuine dispute for trial on a claim for outrage and mental anguish (or intentional infliction of emotional distress). *See Celotex*, 477 U.S. at 324–25.

## CONCLUSION

For the reasons stated above, Walmart's summary judgment motion (Doc. 33) is **GRANTED**. Separately, the court will enter final judgment.

**DONE** and **ORDERED** this August 21, 2025.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE